UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JOEL ALVARADO-CAMACHO, | ) |
| | ) CASE NO. C12-1225-JLR-MAT |
| Petitioner, | ) |
| | ) |
| v. | ) REPORT AND RECOMMENDATION |
| | ) |
| ICE FIELD OFFICE DIRECTOR, | ) |
| | ) |
| Respondent. | ) |
| | ) |

I. INTRODUCTION AND SUMMARY CONCLUSION

Petitioner has filed a pro se petition for writ of habeas corpus under 28 U.S.C. § 2241, challenging the lawfulness of his continued detention by the United States Immigration and Customs Enforcement ("ICE"), and seeking either supervised release or a bond hearing. (Dkt. 4.) He is detained under Section 236(a) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1226(a), pending a determination on whether he is to be removed from the United States. Respondent has moved to dismiss, arguing that an immigration judge reviewed petitioner's custody status and decided that he should remain detained pending removal proceedings, and the Board of Immigration Appeals affirmed that decision. (Dkt. 10.)

REPORT AND RECOMMENDATION
PAGE -1

Respondent asserts that petitioner's detention, therefore, remains lawful because he has received all of the benefits of due process to which he is entitled.

For the reasons set forth below, the Court recommends that petitioner's habeas petition be DENIED, respondent's motion to dismiss be GRANTED, and this matter be DISMISSED with prejudice.

## II.  BACKGROUND AND PROCEDURAL HISTORY

Petitioner is a native and citizen of Mexico who entered the United States without inspection or admission by an immigration officer in approximately 1994. (Administrative Record ("AR") R99, R16-18.) In 2003, he was convicted of possession of a controlled substance and sentenced to juvenile hall. (AR 90.) In addition, he was convicted of reckless driving due to alcohol and sentenced to 18 months probation in 2007. *Id*.

In November 2011, ICE officials encountered petitioner at the Yakima County Jail following his arrest for driving under the influence. (AR R90.) On November 25, 2011, ICE served petitioner with a Notice to Appear, charging him with removability under INA § 212(a)(6)(A)(i), for being present in the United States without being admitted or paroled. (AR L5-6.)

On December 28, 2011, ICE arrested petitioner and transferred him to the Northwest Detention Center. (AR L4.) ICE made an initial custody determination and ordered that petitioner remain detained pending his removal proceedings. (AR L3.) Petitioner requested a redetermination of this custody decision by an immigration judge. (AR L7.) On March 7, 2012, an immigration judge ordered that petitioner's request for a change in custody status be denied. (AR L21, L72.) On April 19, 2012, the immigration judge issued a memorandum

decision, finding as follows:

> Based on the evidence of record, the Court finds that [petitioner] represents a danger to the community.  He has two alcohol related arrest[s] within the last five years, [and] a pending domestic violence [charge].  [Petitioner] acknowledged that he cannot return home since the criminal court established a protective order.
>
> The Court is mindful of [petitioner's] family ties and potential relief from removal.  However, his criminal record includes two alcohol related driving offenses, a drug conviction as a juvenile and the pending domestic violence charge.  His behavior demonstrates a pattern of disregard for the safety of the community over a period of years.  [Petitioner's] continued disregard for the laws of the United States demonstrates he represents a danger to the community.

(AR L99.)  Petitioner appealed the immigration judge's bond decision to the Board of Immigration Appeals ("BIA"), which affirmed the immigration judge's decision and dismissed the appeal on June 27, 2012.  (AR L130-31.)

On August 8, 2012, petitioner moved the immigration court to advance the date of his removal hearing to request voluntary departure.  (AR L129, L135.)  The Department of Homeland Security did not oppose the motion, and the immigration judge granted petitioner's motion.  (Dkt. 10, Ex. A.)  A master calendar hearing was scheduled before an immigration judge for October 4, 2012, but the present record does not indicate if that hearing was held.  (Dkt. 10, Ex. A.)

### III.  DISCUSSION

Section 236(a) of the INA, 8 U.S.C. § 1226(a), provides the framework for the arrest, detention, and release of aliens while removal proceedings are pending before the immigration judge or the BIA.  That provision provides the Attorney General with discretionary authority to release an alien on bond or conditional parole pending the completion of removal proceedings.  *See* INA § 236(a), 8 U.S.C. § 1226(a).  Section 236(a) provides, in part, as

follows:

> On a Warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States. Except as provided in subsection (c) of this section and pending such decision, the Attorney General –
> (1) may continue to detain the arrested alien; and
> (2) may release the alien on –
> (A) bond of at least $1,500 with security approved by, and containing conditions prescribed by, the Attorney General; or
> (B) conditional parole . . .

INA § 236(a), 8 U.S.C. § 1226(a).

The custody procedures are set forth in the regulations. *See* 8 C.F.R. § 236.1(d). Under the regulations, ICE is authorized to make an initial custody determination, including the setting of bond. *See id*. After an initial custody determination, an alien may request a bond redetermination hearing before an immigration judge. *See id*. In addition, the alien may appeal the immigration judge's bond decision to the BIA. *See id*.

Here, the administrative record shows that petitioner received a bond redetermination hearing before an immigration judge who determined that petitioner should remain detained without bond while removal proceedings are pending. (AR L72, L99.) In addition, petitioner exercised his right to appeal the IJ's bond decision to the BIA, which agreed with the immigration judge's conclusion that petitioner should be held without bond. (AR L130-31.) The Court, therefore, concludes that petitioner's detention remains lawful because he has received all of the benefits of due process to which he is entitled.

//

//

//

REPORT AND RECOMMENDATION
PAGE -4

## IV. CONCLUSION

For the foregoing reasons, the Court recommends that petitioner's habeas petition be DENIED, respondent's motion to dismiss be GRANTED, and this matter be DISMISSED with prejudice. A proposed order accompanies this Report and Recommendation.

DATED this 19th day of November, 2012.

*Mary Alice Theiler*
Mary Alice Theiler
United States Magistrate Judge

REPORT AND RECOMMENDATION
PAGE -5